**E-FILED**
Wednesday, 05 October, 2016  03:19:37 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| CORDARO A. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-1151 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

This matter is now before the Court on Petitioner Williams' § 2255 [1,3,4] Motions to Vacate, Set Aside or Correct Sentence. For the reasons set forth below, Williams' Motions [1,3,4] are Denied.

### BACKGROUND

On August 22, 2012, a grand jury returned an indictment charging Petitioner Williams with Conspiracy to Distribute more than 280 Grams of Cocaine Base in violation of 21 U.S.C. § 846, 841(a)(1) and 841 (b)(1)(A). Williams fled the state and was not arrested until January 16, 2014. Attorney Spencer Daniels was appointed to represent Williams on July 24, 2014. On September 5, 2014, Williams entered a plea of guilty pursuant to a written plea agreement. Under the agreement, Williams agreed to plea to the lesser offense under § 841(b)(1)(B). Williams conceded that he had at least one prior felony drug conviction, waived his right to require the Government to file an information under 21 U.S.C. § 851, and waived his right to appeal. The plea agreement also contained a waiver of the right to collaterally attack the conviction or sentence under § 2255 unless the claims related directly to the negotiation of the waiver. *United States v. Williams*, No. 12-10102, ECF Doc. 20 (C.D. Ill. 2015). The agreement stated that "for

1

statutory mandatory minimum and maximum purposes, the amount of cocaine base attributable

to the defendant through his own conduct and the conduct of his co-conspirators that was

reasonably foreseeable to him is more than 28 grams, but less than 280 grams," but "for relevant

conduct purposes under USSG § 2D1.1(a) the amount is at least 280 grams, but less than 840

grams, of cocaine base." *Id*. The Court adopted the Presentence Report, which found that

Williams had two prior felony drug convictions, and at the sentencing hearing on May 29, 2015,

the Court imposed the statutory minimum sentence of 120 months' imprisonment. The judgment

was entered on June 1, 2015, and amended to correct a clerical error on June 19, 2015. Williams

did not appeal.

## LEGAL STANDARD

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws

in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or

result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir.

1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that

"vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan

v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th

Cir. 1993). Because a § 2255 motion is not a substitute for direct appeal, *Doe v. United States*, 51

F.3d 693, 698 (7th Cir. 1995), a petitioner bringing a § 2255 motion is barred from raising: (1)

issues raised on direct appeal, absent some showing of new evidence or changed circumstances;

(2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3)

constitutional issues that were not raised on direct appeal, absent a showing of cause for the

default and actual prejudice from the failure to appeal. See *Belford v. United States*, 975 F.2d

310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d

717, 710-20 (7th Cir. 1994).

Plea agreements that contain appeal and collateral attack waivers are generally

enforceable. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). However, plea waivers

are not enforceable if: (1) they are involuntary, (2) the sentence exceeds the statutory maximum,

(3) the court relied on a constitutionally impermissible factor, or (4) counsel was ineffective in

negotiating the plea agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). In

order to show that counsel provided ineffective assistance in negotiating a plea agreement, a

petitioner must establish that his attorney's performance fell below an objective standard of

reasonableness, and that he suffered prejudice as a result of counsel's deficient performance.

*Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009) (citing *Strickland v. Washington*,

466 U.S. 668, 687-88 (1984)). A petitioner must satisfy both requirements in order to succeed on

a claim of ineffective assistance. See *Strickland*, 466 U.S. at 697. In order to show prejudice, a

petitioner must show a reasonable probability that, but for counsel's errors, the result of the

proceeding would have been different. *Id*. at 694.

## ANALYSIS

Petitioner Williams' motion raises two arguments. First, he claims that his counsel was

ineffective for failing to raise the Department of Justice policy ("DOJ policy") on mandatory

minimums and recidivist enhancements in drug cases during the plea negotiations. Second,

Williams claims that counsel was ineffective for failing to challenge the § 851 enhancement at

sentencing. The Government's response argues that Williams' second claim is untimely, the

collateral attack and § 851 notice waivers are valid, the DOJ policy did not create any

enforceable right and is not cognizable on collateral review, and Williams cannot show cause or prejudice.

**1. Williams' Petition is Timely**

A one year period of limitation applies to motions under § 2255, and runs from the latest of four triggering events. 28 U.S.C. § 2255(f). Here, the relevant limitations period begins to run on "the date on which the judgment of conviction becomes final." *Id.*  Williams' judgment of conviction was entered on June 1, 2015, amended on June 19, 2015, and became final 14 days later, on July 3, 2015, when the time for filing an appeal expired. Williams' original § 2255 motion was received on May 12, 2016, well within the one year limitations period. See ECF Doc. 1. Thereafter, the Court entered a text order directing Williams to resubmit his motion using the Section 2255 form. Williams completed the form, included another copy of his first motion, and signed a declaration indicating he placed the documents in the prison legal mail system on June 7, 2016. The envelope containing the motion is marked received by FCI Pekin mail room on June 9, 2016, and was filed with the Court on June 13, 2016. Williams' § 2255 motion, filed less than one year after his judgment became final on July 3, 2015, is timely.

While Williams' motion is clearly within the limitations period of § 2255(f), the Government's argument to the contrary is fundamentally incorrect and invites discussion. First, the Government erroneously contends that Williams added a new claim when he resubmitted his motion with the completed form. However, Williams' first and second motions were exact copies of each other, and the completed § 2255 form merely restated the two claims in his first motion. *Compare* ECF Doc. 1, at 5, *with* ECF Doc. 4, at 5. Second, even if Williams' later filing added a new claim, it was still timely under § 2255(f). This is because the Government uses the date of the sentencing hearing, May 29, 2015, as the starting date, but the limitations period does not

begin to run until "the date on which the *judgment* of conviction becomes *final*." 28 U.S.C. § 2255(f). Here, the amended judgment was entered on June 19, 2015, and became final 14 days later on July 3, 2015. Third, even if Williams' motion was due on June 12, 2016, as the Government incorrectly argues, the motion was still timely under the mailbox rule because it was received in the FCI Pekin mail room on June 9, 2015. See 28 U.S.C. § 2255 Rule 3(d); *Hurlow v. United States*, 726 F.3d 958 (7th Cir. 2013).

**2. Williams' First Claim is not Cognizable on Collateral Review**

Williams first claims that his attorney, Spencer Daniels, provided ineffective assistance by not challenging the prosecutor's decision to charge him with an offense that carries a mandatory minimum. Williams argues that the 2013 DOJ policy, which provides that prosecutors should decline to charge the drug quantity necessary to trigger a mandatory minimum if the defendant meets certain criteria, should have been applied to him. The policy itself states that it "is not intended to create or confer any rights, privileges, or benefits in any manner, case, or proceeding. *United States v. Caceres*, 440 U.S. 741 (1979)." ECF Doc. 10-1, at 2. Because the policy does not confer any rights to defendants, any alleged error by the prosecutor in interpreting and applying the policy to Williams' case "surely does not raise any constitutional questions." *Caceres*, 440 U.S. at 752. Accordingly, Williams' first claim is not cognizable in a motion under § 2255.

**3. Williams Cannot Show Prejudice under *Strickland***

Williams' motion must be denied because he cannot show that he was prejudiced by counsel's alleged errors in either of his claims. First, the indictment under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) carried a mandatory minimum of 10 years with no prior felony drug convictions, 20 years to life with one prior felony drug conviction, and mandatory life with two

5

or more prior felony drug convictions. Because Williams had two prior felony drug convictions, he was facing a mandatory life sentence. However, under the plea agreement, Williams was charged with a § 841(b)(1)(B) offense, with his two priors resulting in a mandatory minimum of 120 months. Williams cannot establish *Strickland* prejudice on his first claim because he cannot show that he would have received a lesser sentence but for counsel's alleged errors. *Strickland*, 466 U.S. at 694. To put it another way, Williams' counsel was effective—he made a potential life sentence vanish during negotiations.

Williams' second claim—that his counsel was ineffective for failing to challenge the § 851 enhancement at sentencing—must also be denied. As the Government points out, no § 851 notice was filed in his criminal case. Williams waived his right to require the Government to file a § 851 notice in his plea agreement, and he also stipulated to the prior felony drug conviction in the plea agreement and at sentencing. Williams cannot establish prejudice on his second claim of ineffective assistance because he cannot show that the result of the proceeding would have been different if he had not waived his right to the § 851 notice. *Id.*

In sum, Williams has not shown that his counsel's performance fell below an objective standard of reasonableness, or that he suffered prejudice as a result of counsel's deficient performance. *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009). In fact, the opposite is true. Williams faced a life sentence (360 months and above under the Sentencing Guidelines) when Mr. Daniels was appointed; at the conclusion of counsel's representation Williams received a 120 month sentence. Because Williams cannot establish ineffective assistance in negotiating the plea agreement, the collateral attack waiver is enforceable. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Thus, although the Court reached the merits of Williams' § 2255 motion, it would also be subject to dismissal because of the waiver.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a movant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist could conclude that Williams' claims were not either devoid of factual support or flatly contradicted by the well-established law of this Circuit. Accordingly, the Court will not issue a certificate of appealability.

## CONCLUSION

For the reasons stated above, Petitioner's Motions [1,3,4] are Denied.

This matter is now terminated.


Signed on this 5th day of October, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge

7